## F. A. CUSHMAN *v.* W. A. SOMERS.

*Charge of court. Principal and agent. Apparent authority. Declarations.*

1. Whether there was error in the charge below should be determined by considering the whole charge together as applied to the facts of the case on trial.

2. A certain royalty was payable in pulp. The plaintiff's brother, having authority to collect, agreed to and did receive payment in money in amounts less than the value of the pulp. *Held*, that if the plaintiff gave his brother apparent authority to manage the collection, he would be bound by his receipt of the money in payment.

3. B. testified for the defendant that, during the life of the lease, the brother told him the royalty was to be paid in money. *Held*, not permissible to show upon cross-examination that, after the expiration of the lease, the brother claimed otherwise.

This was an action of covenant. Trial by jury at the December Term, 1888, Caledonia County, TYLER, J., presiding. Verdict and judgment for the defendant. The plaintiff excepts. The case appears in the opinion.

*Ide & Stafford*, for the plaintiff.

It did not follow from the fact that the plaintiff's brother had authority to collect the royalty that he could vary the terms of payment, and the court erred in so instructing the jury. *Bartlett* v. *Pentland*, 10 Barn. & Cres. 760; *Todd* v. *Reid*, 4 Barn. & Ald. 210; *Russell* v. *Bangley*, 4 Barn. & Ald. 395; *Squiers & Sherry* v. *Barber*, 37 Vt. 558; *Pratt* v. *Willey*, 2 Car. & P. 350; *Stewart* v. *Woodward*, 50 Vt. 78; *Dennison* v. *Tyson*, 17 Vt. 549; *Cochran* v. *Richardson & Whipple*, 33 Vt. 169; *Blackburn* v. *Scholes*, 2 Camp. 341; *Campbell* v. *Hassell*, 1 Stark. 233; *Robinson* v. *Anderson*, 3 West. Rep. 677; *Haseltine* v. *Miller*, 44 Me. 177; *Bank* v. *Davis*, 14 N. J. Eq. 286; *White* v. *Langdon*, 30 Vt. 599; *Jackson* v. *Bartlett*, 8 John. 361; *Langdon* v. *Potter*, 13 Mass. 319; *Riley* v. *Wheeler*, 44

Vt. 189; *Whiton* v. *Spring*, 74 N. Y. 169, 173; *Ward* v. *Evans*, 2 Salk. 442; 2 Ld. Raym. 928; *Ward* v. *Smith*, 7 Wall. 451; *Taylor* v. *Robinson*, 14 Cal. 396; *Earnhart* v. *Robertson*, 10 Ind. 8; *Mathews* v. *Hamilton*, 23 Ill. 470; *Corning* v. *Strong*, 1 Cart. 327; *Hutchins* v. *Munger*, 41 N. Y. 155; *Fretz* v. *Stover*, 22 Wall. 198; *Martin* v. *U. S.*, 2 B. Mon. 89; 15 Am. Dec. 129; Whar. Ag. s. 208.

*Bates & May*, for the defendant.

The plaintiff, by holding his brother out to the world as his agent in the management of this business, gave the defendant a right to so treat him, and cannot now complain that he was without authority. *Briggs* v. *Selden*, 58 Vt. 561.

The brother, having authority to collect, did receive money in payment. The defendant was thereby induced not to deliver pulp. The plaintiff cannot now repudiate the act of his agent. Whar. Ag. s. 580; *Putnam* v. *French*, 53 Vt. 402; *Monroe* v. *Perkins*, 9 Pick. 298; *Fleming* v. *Gilbert*, 3 John. 531.

The opinion of the court was delivered by

TAFT, J. The defendant was under contract to pay the plaintiff, as royalty for a wood-pulp grinder, two tons of dry pulp monthly. He claimed that George Cushman, the plaintiff's brother, acting for the plaintiff, had agreed to take money in lieu of pulp. Whether such an agreement had been made, and if so, whether George had authority to make it, were the important questions raised upon the trial.

I. The only exception to the charge insisted upon in argument is the one taken to the statement in it, " that if George had authority to collect the royalty, and so acted in the collection of it as to lead the defendant to understand that he need not pay in pulp, then the plaintiff cannot recover." This statement of the law taken by itself, naked and alone, may be erroneous, for it may well be claimed that mere *authority to collect* gives no power to vary, in any way, the terms of payment; so that if the extract above quoted was all there was of the charge, and there were no facts in the case except such as required that charge and that alone, there would undoubtedly be solid ground

for the plaintiff's claim that it was error.  But we are not called upon to say that it was error, for the whole charge is before us, and it must be construed as a whole.  *Fassett* v. *Roxbury*, 55 Vt. 552; *Stevens* v. *Dudley*, 56 Vt. 169; and it must be construed in connection with the testimony in the case, and as applicable to it; and if the charge as a whole was correct, the judgment should not be reversed, although the extract, taken by itself, was erroneous.  There was evidence in the case tending to show that the plaintiff held out George Cushman as having authority to collect the royalty in the manner that the defendant claimed that he agreed to do it.  The evidence tended to show that he sanctioned a settlement made by George with the defendant, under the change in the mode of payment as claimed by the defendant; and if he had no authority in fact to collect it in any way save in pulp, if the plaintiff had invested him with apparent authority to collect it in some other way, and he led the defendant to believe that he might pay in a different way, and agreed that he might, the plaintiff would be bound by it. The apparent authority with which the plaintiff had invested George, or rather the rule that governed George's acts done under such authority was as applicable to the acts of George done in connection with the collection of the royalty as it was to his acts in regard to a substitution of one mode of payment for the other—it was in reality the same rule.  There was nothing for George to do except to collect the royalty, and the question in dispute was whether he had agreed to collect it in any other way than as originally provided, and the court told the jury if he had no direct authority from his brother to change the mode of payment, yet if he had "apparent authority" to do it, if he was "held out to the world" by his brother as having it, if he "was held out in such a way to Somers that Somers had reasonable cause to believe he was the agent of his brother, then he (the defendant) would be justified in treating with him and acting upon his propositions, even though he was not in fact the agent of his brother," and "that a man might not be an agent in fact, still the person whom he professed to represent might so hold him out to the world that he would be bound by his acts,

although he was not his agent." We think the extract from the charge, "that if George had authority to collect the royalty and so acted in the collection of it as to lead the defendant to understand that he need not pay in pulp, then the plaintiff cannot recover," must be taken in connection with what goes both before and after the sentence quoted from the charge. The only matter in controversy was the collection of the royalty, and the court says, in the first part of the charge, "And the court instructs you in this matter of agency, * * * * that if the plaintiff gave George apparent authority to manage the matter of the royalty, and George agreed that the defendant might pay in money one-half the amount paid by the plaintiff to settle with Russell, and the defendant agreed to pay in money in that way, then the plaintiff cannot maintain an action of covenant." To "manage the matter of the royalty" relates as much to the collection of it as to any other question connected with it, and the letter as well as the whole spirit of the charge is, that if the plaintiff gave George apparent authority to manage it, in its collection, he would be bound by his acts, even if he had given him no real authority. The charge as given was correct, upon the facts in the case, and this is the only question in respect of the charge before us.

II. One Bancroft, a witness called by the defendant, testified that on or before the 23d July, 1881, George Cushman told him that the royalty was to be paid in money. On cross-examination the plaintiff offered to show that George, several years afterwards, and after the lease had expired, claimed otherwise. This offered testimony was excluded. It does not appear upon what ground. It was the declaration of an agent after the expiration of the business in question, in favor of his principal, and if admissible, if offered by the plaintiff when putting in his side of the case, it certainly was no part of the cross-examination, and inadmissible for that reason. It does not appear that there was error in its exclusion and we cannot presume it.

*Judgment affirmed.*

Ross, J., dissents; MUNSON, J., not voting.